HUGHES, Circuit Judge,
concurring.
I agree that when reviewed de novo, the evidence in this case shows that Gore’s defenses were not objectively reasonable. I write separately to reiterate my belief that the full court should review our willfulness jurisprudence in light of the Supreme Court’s recent decisions in Highmark Inc. v. Allcare Health Management Sys., Inc., — U.S. -, 134 S.Ct. 1744, 188 L.Ed.2d 829 (2014) and Octane Fitness, LLC v. ICON Health & Fitness, Inc., — U.S. -, 134 S.Ct. 1749, 188 L.Ed.2d 816 (2014). Those decisions call into ques *848 tion our two-part test for determining willfulness, In re Seagate Tech., LLC, 497 F.3d 1360 (Fed.Cir.2007) (en banc), and our de novo standard for reviewing the district court’s willfulness determination, Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc., 682 F.3d 1003, 1006-07 (Fed.Cir.2012) (Bard II). See Halo Elecs., Inc. v. Pulse Elecs., Inc., 769 F.3d 1371, 1383 (Fed.Cir.2014) (O’Malley, J., concurring).
This case demonstrates why de novo review of willfulness is problematic. The panel is divided over the strength of Gore’s joint inventorship defense. Each side advances a sound argument about whether the evidence in this case raises a “substantial question” of joint inventorship. And the district court, likewise, provided a thorough and well-reasoned opinion. If one of these several reasonable opinions must ultimately govern, it should be the opinion of the district judge, whose assessment of litigation positions is informed by trial experience and who has “lived with the case over a prolonged period of time.” Highmark, 134 S.Ct. at 1748.
A more deferential standard of review would be consistent with the standards for reviewing mixed questions of law and fact in other contexts. See, e.g., Highmark, 134 S.Ct. at 1748-49 (holding abuse of discretion is the proper standard for reviewing award of attorney fees in patent cases, “[although questions of law may in some cases be relevant....”); Pierce v. Underwood, 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (holding abuse of discretion is the proper standard for reviewing determinations of whether a litigant’s position is “substantially justified” for purposes of fee-shifting under the Equal Access to Justice Act, although the determination frequently turns on a purely legal issue). It would also be consistent with the standard for reviewing a finding of willful copyright infringement. See Dolman v. Agee, 157 F.3d 708, 715 (9th Cir.1998) (“The district court’s finding of willful [copyright] infringement is reviewed for clear error.”).